United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-11141
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILTON NUNEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-111-2-Y
--------------------

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Wilton Nunez appeals the denial of his motion to suppress following his guilty-plea conviction for possession with intent to distribute more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Nunez argues that the officer who conducted the search exceeded the scope of the traffic stop by

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requesting permission to search the truck after completing his physical inspection of the truck's exterior.

The officer testified that the driver of the truck exhibited a nervousness unusual in truck drivers. He further testified that Nunez, who was the co-driver, appeared immediately from the sleeping compartment unclothed as he began speaking with the driver, when co-drivers ordinarily ignore routine traffic stops, and then re-appeared fully dressed a short time later. The officer observed that the truck's logbooks showed an extended break in service and then a four-day delay in Nogales, Arizona, before taking on a load of produce bound for New York. The driver and Nunez were both from Florida, and the officer found it odd that there was a delay in receiving a load that did not take them back home. The officer explained that in his experience produce was loaded 24 hours per day, and similar trucks that he had inspected had spent no more than one day receiving their loads in Arizona. We conclude from the totality of the circumstances, viewed in the light most favorable to the Government, that the officer was justified in continuing the detention to ask for consent to search the truck. See United States v. Arvizu, 534 U.S. 266, 273 (2002); United States v. Gonzalez, 328 F.3d 755, 758 (5th Cir. 2003); United States v. Fort, 248 F.3d 475, 479-83 (5th Cir. 2001).

We note that Nunez has not contested the validity of the consent to search, which was given by the driver. He argues that the driver did not have authority to bind him. This argument is

2

unavailing because a person who has joint control over a vehicle may give valid consent to its search.  See <u>United States v. Crain</u>, 33 F.3d 480, 484 (5th Cir. 1994).

AFFIRMED.